UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-cv-81084

SEAN MCDONNELL,
an individual,

    Plaintiff,

v.

HYUNDAI CAPITAL AMERICA, INC.
d/b/a HYUNDAI LEASE TITLING TRUST,
a Foreign Profit Corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY ACTION**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA"), Defendant, HYUNDAI CAPITAL AMERICA, INC. d/b/a HYUNDAI LEASE TITLING TRUST ("Hyundai Capital"), respectfully files this Motion to Compel Arbitration (the "Motion"), seeking an order compelling Plaintiff, SEAN MCDONNELL ("Plaintiff"), to arbitrate Plaintiff's claim against Hyundai Capital pursuant to the terms of the arbitration provision contained within the vehicle lease at the center of this dispute and further seeks to stay this case until the completion of arbitration. In support, Hyundai Capital states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

The instant action arises from an alleged lease and subject purchase of a 2019 Hyundai Kona (VIN ending 372570) (the "Vehicle"). The relevant lease was executed between Plaintiff and EFN WEST PALM MOTOR SALES, LLC d/b/a NAPLETON'S HYUNDAI ("Napleton"). *See*, Kona Transaction Agreement (the "Agreement"), attached hereto as **Exhibit 1**. As part of the transaction between Napleton and Plaintiff, the lease was assigned to Hyundai Leasing Titling

Trust (Hyundai Capital), which Plaintiff agreed to by way of his signature. *See*, Lease document included in the lease of the Agreement, p. 1, section 1, p. 8, section M, at **Exhibit 1**.[1]

Under the Motor Vehicle Lease Agreement ("Lease") component of the Agreement, Plaintiff had the option to purchase the Vehicle at the end of the Lease term for an amount specified in the Lease plus any fees ("Purchase Option"). *See*, Lease, p. 2, section 9, at *id*. Additionally, Plaintiff signed and acknowledged the Retail Lease Order, which instructs and provides that any claim or dispute that arose out of the purchase of the Vehicle or the Lease should, at either party's election, be resolved by binding arbitration and *not* by a court action (the "Arbitration Provision"). *See* Retail Lease Order, p. 4, at *id*. (emphasis added). Plaintiff, by way of his signature, represented he had read, and understood and agreed to, the Arbitration Provision. *Id*.

Furthermore, as part of the Agreement, Plaintiff and Napleton signed the Addendum to Retail Installment Sales Contract or Lease Agreement ("Addendum") setting forth that *all* agreements and documents relating to the purchase or lease of the Vehicle are part of one transaction and are intended to be read and construed together. *See*, Addendum, at *id*. (emphasis added). As such, the Addendum constitutes the final expression of the parties' complete and integrated Agreement. Importantly, the Addendum provided that upon assignment of a Retail Installment Sales Contract ("RISC") or Lease (in this instance, the Retail Lease Order) by Napleton to a lender or lessor, the terms and provisions of the RISC or Lease shall be effective between the undersigned parties (i.e. Plaintiff) and the lender or lessor to whom it has been assigned (i.e. Hyundai Capital). *Id*. Plaintiff, by way of his signature, represented he had read, and understood

---

[1] In considering a motion to compel arbitration, the court can consider the pleadings and documents of uncontested validity. *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (citing *Bertram v. Beneficial Consumer Discount Co.*, 286 F.Supp.2d 453, 456 (M.D.Pa.2003)).

and agreed to, the Addendum. *Id*. Moreover, the Lease further provides that Hyundai Capital was assigned all of Napleton's rights in the Agreement and that Plaintiff was on notice of such assignment. *See*, Lease p 1, section 1, p. 8, section M, at *id*.

On July 27, 2023, without providing any notice to Hyundai Capital, Plaintiff initiated the instant action [D.E. 1]. In the Complaint, Plaintiff alleges that Hyundai Capital violated 15 U.S.C. §1667a (the "Consumer Leasing Act"), by failing to disclose, in the Lease, a Predelivery Service Charge, making the price to exercise the Purchase Option "unclear, inaccurate, and incomplete." *See* Complaint ¶¶30-32. Plaintiff also alleges that the Predelivery Service Charge was not an official fee. *Id*., ¶¶17, 19. Plaintiff further alleges that he suffered financial loss when he ultimately chose to exercise the Purchase Option, which was allegedly more than what the Lease indicated was required to purchase the Vehicle. *Id*., ¶34.

On August 22, 2023, Hyundai Capital filed its Answer and Defenses ("Answer") [D.E. 7]. In the Answer, Hyundai Capital expressly reserved its right to compel arbitration based on the arbitration clause contained in the Agreement. *See* Answer, p. 9 [D.E. 7].

As of the filing of this Motion, discovery has neither been taken nor exchanged in the instant action. As such, for the reasons stated above, and explained herein, Hyundai Capital respectfully requests this Court enter an Order compelling Plaintiff to arbitrate Plaintiff's claim against Hyundai Capital as required under the FAA. 9 U.S.C. § 2.

## MEMORANDUM OF LAW

It is controlling law that the FAA requires enforcement of written arbitration provisions and provides that courts shall compel to arbitration any dispute subject to a written arbitration agreement. *See* 9 U.S.C. § 4. Specifically, the FAA provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter

>arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The FAA establishes a public policy that strongly favors the arbitration of disputes and requires courts to enforce arbitration agreements. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (stating that the FAA reflects a " 'liberal federal policy favoring arbitration agreements[]' ") (quoting *Moses H. Con Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The Supreme Court has held that there is a presumption of arbitration to promote the federal policy favoring arbitration, and any doubts as to the scope of arbitrable issues or the applicability of an arbitration clause must therefore be resolved in favor of arbitration. *AT&T Technologies, Inc. v. Communications Workers of Am., et a1.,* 475 U.S. 643, 650 (1986).

Crucially, as a result of the well-established policy favoring arbitration, the burden is on the party opposing arbitration to prove to the court that arbitration is improper. *See Ayala-Rodriguez v. Falic Fashion Group LLC,* 2019 WL 13216292, at *3 (S.D. Fla. Mar. 6, 2019) (citing *Kozma v. Hunter Scott Fin., LLC,* 2010 WL 724498, at *2 (S.D. Fla. Feb. 25, 2010)).

In determining whether a dispute is subject to arbitration, courts "consider three factors: (1) [w]hether there is a valid, written agreement to arbitrate; (2) [w]hether there is an arbitrable issue; and (3) [w]hether the right to arbitrate was waived." *Booth v. S. Wine & Spirits of Am., Inc.*, 2014 WL 5523123, at *2 (S.D. Fla. Oct. 31, 2014) (citing *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F.Supp.2d 1350, 1354 (S.D.Fla.2009)).

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. A Valid Written Agreement to Arbitrate Exists

"[A] valid written agreement to arbitrate exists so long as there was an offer, acceptance, and sufficient specification of essential terms." *Burri Law, P. A. v. Byzantine Catholic Eparchy of Phoenix*, 488 F. Supp. 3d 1185, 1190 (M.D. Fla. 2020) (quoting *Tuttle v. Credit Acceptance Corp.*, 2018 WL 6621374, at *2 (M.D. Fla. Oct. 31, 2018), report and recommendation adopted, 2018 WL 6621359 (M.D. Fla. Nov. 16, 2018)).

Here, it is undisputed that the Agreement, only a portion of which Plaintiff attached to the Complaint, includes or is subject to the Arbitration Provision, which in part provides:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**
> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

*See*, Retail Lease Order, p. 4, at **Exhibit 1**.

By way of the Arbitration Provision, both parties to the Lease have the right to choose to have claims decided by arbitration as opposed to by a court or jury. *See*, Retail Lease Order, p. 4, at **Exhibit 1**; *see generally Tuttle*, 2018 WL 6621374, at *2. By signing and initialing the Arbitration Provision, Plaintiff indicated that he read, agreed to, and assented to the terms of the Arbitration Provision. *See* Retail Lease Order, p. 4, at **Exhibit 1**; *see generally Tuttle*, 2018 WL 6621374, at *2. As such, and pursuant to the Addendum, there is a valid arbitration agreement between Hyundai Capital and Plaintiff. *See id.*

## II. An Arbitrable Issue Exists

The test for determining arbitrability of a particular claim under a broad arbitration provision is whether a "significant relationship" exists between the claim and the agreement containing the arbitration clause regardless of the legal label attached to the dispute. *Seifert v. U.S. Home Corp.,* 750 So.2d 633, 637-38 (Fla. 1999).

Under the FAA, a court must enforce an arbitration agreement according to its terms, and no exception exists for a cause of action founded on statutory rights. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626–27 (1985) (holding that "the Act itself provides no basis for disfavoring agreements to arbitrate statutory claims by skewing the otherwise hospitable inquiry into arbitrability[]").

As outlined in the Eleventh Circuit decision in *Davis v. Southern Energy Homes, Inc.*, "[i]n every statutory right case that the Supreme Court has considered, it has upheld binding arbitration if the statute creating the right did not *explicitly* preclude arbitration." 305 F.3d 1268, 1273 (11th Cir. 2002). "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp.,* 473 U.S. at 628.  Thus, unless Congress has clearly expressed an intention to preclude arbitration of the statutory claim, a party is bound by its agreement to arbitrate.

"[A] party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Dulaw Mgmt. Ltd. v. PHL Variable Ins. Co.,* 2008 WL 4525008, at *1 (S.D. Fla. 2008) (citing *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91 (2000)). Crucially, "[a]ny doubts about the scope of arbitrable issues should be resolved in favor of arbitration." *Brown v. Napleton's W. Palm Hyundai*, 2021 WL 3286852, at *2 (S.D. Fla. July 23,

2021) (citing *Mitsubishi Motors Corp.*, 473 U.S. at 626. Therefore, in the presence of an arbitration agreement, courts should find the dispute at issue subject to arbitration, "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Dist. No. 1-Marine Eng'rs Beneficial Ass'n, AFL-CIO v. GFC. Crane Consultants, Inc.,* 331 F.3d 1287, 1290 (11th Cir. 2003).

In the instant matter, the Arbitration Provision covers any claim or dispute, "which arises out of or relates to your [Plaintiff's] . . . purchase or condition of this Vehicle, this Order and Agreement [the Lease and Arbitration Provision] or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action." *See*, Retail Lease Order, p. 4, at **Exhibit 1**. Plaintiff's claim concerns the terms of the Lease and subsequent purchase of the Vehicle, which falls squarely in the category of claims or disputes covered by the Arbitration Provision. *See generally* Lease; *see* Retail Lease Order, p. 4, at *id*. As a result, there is no question that an arbitrable issue exists. *See GFC. Crane Consultants, Inc.,* 331 F.3d at 1290; *see also Brown*, 2021 WL 3286852, at *2 (finding that the plaintiff's claims under Florida's Deceptive and Unfair Trade Practices Act, which were related to the purchase of the vehicle, were encompassed by the arbitration provision that covered "any claim or dispute, whether in contract, tort, statute or otherwise . . . which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship.").

### III. Hyundai Capital Has Not Waived Its Arbitration Rights

To determine whether a party has waived arbitration, a court considers whether " 'under the totality of the circumstances the party has acted inconsistently with the arbitration right.' " *Ayala-Rodriguez*, 2019 WL 13216292, at *6 (quoting *Gutierrez v. Wells Fargo Bank, NA*, 889

7

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

F.3d 1230, 1236 (11th Cir. 2018)). In other words, the question is "whether a party has 'substantially invoke[d] the litigation machinery prior to demanding arbitration.'" *Id.* Crucially, waiver applies when a party "'elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim.'" *Id.* The primary inquiry is "'fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them.'" *Id.* Whether fair notice has been given "'at a relatively early stage of litigation is a primary factor in considering whether a party has acted consistently with its arbitration rights.'" *Ayala-Rodriguez,* 2019 WL 13216292, at *6 (quoting *Gutierrez*, 889 F.3d at 1237).

On July 27, 2023, Plaintiff initiated the instant action. [D.E. 1]. On August 22, 2023, Hyundai Capital filed its Answer, within which it affirmatively reserved Hyundai Capital's right to compel arbitration based upon the agreed to arbitration clause in the Lease. *See* Answer, p. 9 [D.E. 7].

In compliance with the applicable rules, Hyundai Capital filed its initial Certificate of Interested Persons and Corporate Disclosure Statement [D.E. 8] on August 22, 2023. To date, no discovery has been propounded by either party. Further, trial is not scheduled to occur until the four-week trial period commencing on August 12, 2024. [D.E. 10].

Given the presumption against finding waiver and as discovery has not been propounded, Plaintiff was on notice of Hyundai Capital's intent to enforce arbitration, and trial is projected to occur in August 2024, Hyundai Capital has not waived its right to arbitrate. *See Robert P. Boswell, D.M.V., P.A. v. Scott J. Swerdlin, D.M.V., P.A.*, 2008 WL 11332004, at *5 (S.D. Fla. Sept. 25, 2008), report and recommendation adopted, 2008 WL 11333663 (S.D. Fla. Oct. 15, 2008) (finding

no waiver where the defendants moved to compel arbitration two months after defendants removed the action to federal court, and one defendant raised arbitration as an affirmative defense while the other defendant moved to dismiss the complaint). *Jones v. Sallie Mae, Inc.*, 2013 WL 6283483, at *9 (M.D. Fla. Dec. 4, 2013) (citing *Gimenez v. American Sec. Ins. Co.*, 2009 WL 257540 (M.D. Fla. Feb.3, 2009) (finding no waiver where the defendant removed action to federal court, filed an answer, made initial disclosures, and participated in case management and scheduling negotiations prior to moving to compel arbitration)).

### IV.   The Action Should Be Stayed Pending Arbitration

The FAA provides that a court, upon determination that an action before it is subject to an enforceable arbitration provision, "shall … stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648, 649, n.2 (11th Cir. 1988) (finding that the court's denial of a motion to stay federal proceedings pending arbitration was "in direct contravention of" Supreme Court precedent). Accordingly, Hyundai Capital requests that this Court stay the action pending completion of arbitration between the parties.

### CONCLUSION

By signing the Agreement, Plaintiff agreed to arbitrate any claims "arising out of such contract or transaction." In so agreeing to arbitration, Plaintiff expressly waived his right to a jury trial should Hyundai Capital move to exercise its right to arbitrate under the Arbitration Provision. Plaintiff's claim falls squarely within the scope of the valid and enforceable Arbitration Provision, which Hyundai Capital has timely invoked. Consequently, this Court should compel arbitration and stay this action.

**WHEREFORE**, Defendant Hyundai Capital respectfully requests this Court enter an

order compelling Plaintiff to submit to arbitration for all claims set forth in the Complaint, and staying this action pending completion of arbitration proceedings, and granting any other relief in favor of Defendant this Court deems just and proper.

Dated: October 13, 2023

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
Telephone (561) 612-3459
Primary e-mail: justin.levine@csklegal.com
Alternate e-mail:  patricia.martel@csklegal.com

By: */s/ Justin Levine*
JUSTIN LEVINE
Florida Bar No.:  106463

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that that on this 13th day of October 2023, a true and correct copy of foregoing was filed electronically via the CM/ECF System and served via e-notice on counsel of record for all parties identified below.

*/s/ Justin Levine*
JUSTIN LEVINE

**SERVICE LIST**

Joshua Feygin, Esq.
Sue Your Dealer – A Law Firm
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357
Email: Josh@JFeyginesq.com
*Counsel for the Plaintiff*